UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SHAWN K. WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-2223 RWS |
| | ) | |
| JEFF NORMAN, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is successive and shall be summarily dismissed.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in May 1996. *Williams v. Bowersox*, No. 4:96-CV-939 CAS (E.D. Mo.) He subsequently filed an amended petition. On September 28, 1999, the Court dismissed petitioner's petition and amended petition. *Id.* Petitioner appealed, and the United States Court of Appeals for the Eighth Circuit denied petitioner's request for certificate of appealability on February 14, 2000. *Williams v. Bowersox*, No. 99-3890 (8th Cir. 2000).

On June 28, 2010, petitioner filed, in his closed habeas corpus action, a "Petitioner Pro-Se Motion for U.S.C.S. Fed. Rules Civ. Procedure 60(d)" along with a motion for leave to proceed in forma pauperis. Respondent filed a response to the motion on July 19, 2010. Petitioner then filed a separate motion requesting that his Rule 60(d) motion be filed as an independent action under Rule

1

60(d)(3). The Court granted petitioner's request and analyzed petitioner's request for relief as both "fraud on the Court" and an end-run around the AEDPA's limitations on filing a successive habeas corpus action.[1] *See Williams v. Dormire*, No. 4:10-CV-1413 CAS (E.D.Mo.). Petitioner's action was denied and dismissed on August 17, 2010. *Id.*

Petitioner filed a similar Rule 60(b) action, alleging "fraud" against the State of Missouri for "failing to transcribe petitioner's guilty plea" on September 7, 2010. *See Williams v. Dormire*, No. 4:10-CV-1660 (E.D.Mo.). The Court denied and dismissed petitioner's action on September 20, 2010. *Id.* The Eighth Circuit denied petitioner's request for certificate of appealability on January 19, 2011. *See Williams v. Dormire*, No. 10-3232 (8th Cir. 2011).

In the instant application for writ of habeas corpus, petitioner argues that the Supreme Court case of *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013), provides him grounds for relief from the procedural default he suffered in his original habeas action, in addition to solving his one-year statute of limitations difficulties. He is incorrect.

In *McQuiggin*, the Supreme Court held that a prisoner filing a **first-time federal habeas petition** could overcome the one-year statute of limitations in 28 U.S.C. § 2244(d)(1) upon a showing of "actual innocence" under the *Schlup v. Delo*, 513 U.S. 298, 329 (1995), standard. *See McQuiggin*, 133 S.Ct. at 1928. Critically, the holding in *McQuiggin* was based on the Supreme Court's conclusion that Congress, through its silence on the issue, had not intended to eliminate the pre-existing equitable "actual innocence" exception **for an untimely first-time filer**. *See id.* at

---

[1] Petitioner requested relief from the denial of his habeas corpus action, alleging "fraud" by respondent's counsel for failing to provide the Court with a copy of the transcript of his guilty plea. The Court was aware of the missing transcript at the time it reviewed petitioner's application for writ of habeas corpus. The absence of the transcript was clearly noted by the Honorable Mary Ann Medler in her Report and Recommendation. *See Williams v. Dormire*, No. 4:96-CV-939 CAS, Docket No. 28. Judge Medler found that because she accepted as true petitioner's version of the events at sentencing, the transcript was not essential for review of the writ of habeas corpus. *Id.*

1934. On the other hand, the Court expressly recognized that Congress, through § 2244(b), had intended to "modify" and "constrain[ ]" the "actual innocence" exception **with respect to second or successive petitions**. *See id*. at 1933−34. Nothing in *McQuiggin* authorizes a court to ignore or bypass these constraints.

To the extent that petitioner seeks to relitigate claims that he brought in his original petition, those claims must be denied pursuant to 28 U.S.C. § 2244(b)(1). To the extent that petitioner seeks to bring new claims for habeas relief, petitioner must obtain leave from the United States Court of Appeals for the Eighth Circuit before he can bring those claims in this Court. 28 U.S.C. § 2244(b)(3)(A).[2] Petitioner has not been granted leave to file a successive habeas petition in this Court. As a result, the petition shall be denied and dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus is **DENIED AND DISMISSED AS SUCCESSIVE**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 23rd day of August, 2017.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

---

[2] The AEDPA's restriction on filing successive petitions is retroactively applicable to cases that were filed before the AEDPA was enacted. *See, e.g., Daniels v. United States,* 254 F.3d 1180, 1188 (10th Cir. 2001).